1  Robert C. Niesley, Esq., Esq. (Bar No. 131373)
   rniesley@wthf.com
2  Brent N. Mackay, Esq. (Bar No. 244349)
   bmackay@wthf.com
3  WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
   2040 Main Street, Suite 300
4  Irvine, California  92614
   Telephone:  949-852-6700
5  Facsimile:   949-261-0771

6  Attorneys for Plaintiff
   TRAVELERS CASUALTY AND SURETY
7  COMPANY OF AMERICA

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  TRAVELERS CASUALTY AND              Case No.   **'14CV0417 CAB DHB**
    SURETY COMPANY OF AMERICA,
13                                      **PLAINTIFF TRAVELERS**
                Plaintiff,              **CASUALTY AND SURETY**
14                                      **COMPANY OF AMERICA'S**
    v.                                  **COMPLAINT FOR:**
15
    MARCON ENGINEERING, INC.;           **(1)  Statutory Indemnity;**
16  MARYORY S. CONTRERAS, as trustee
    of the MARYORY S. CONTRERAS         **(2)  Breach of Contract;**
17  TRUST AGREEMENT; MARYORY S.
    CONTRERAS, an individual; MARCON    **(3)  Quia Timet;**
18  LAND MANAGEMENT, LLC,
                                        **(4)  Declaratory Relief; and**
19              Defendants.
                                        **(5)  Specific Performance.**
20
                                        **DEMAND FOR JURY TRIAL**
21

22

23        Plaintiff  TRAVELERS  CASUALTY  AND  SURETY  COMPANY  OF

24  AMERICA ("TRAVELERS") hereby alleges as follows:

25  ///

26  ///

27  ///

28  ///

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

COMPLAINT

**JURISDICTION AND VENUE**

1.     TRAVELERS is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.  This court has original jurisdiction under 28 U.S.C. 1332, in that this action is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand ($75,000.00) dollars.

2.     Venue is proper in this judicial district because all of the contracts that are the subject of this action were entered into in the County of San Diego, and all of the Defendants are subject to personal jurisdiction in the Southern District of California.

**GENERAL ALLEGATIONS**

3.     TRAVELERS is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of Connecticut.  Based on the following facts, TRAVELERS' principal place of business is in Hartford, Connecticut:

     a.     TRAVELERS' headquarters is located in Hartford, Connecticut. The Hartford office is the main administrative office for TRAVELERS and contains the substantial predominance of corporate operations.

     b.     The Hartford office houses more TRAVELERS' employees than any other TRAVELERS office in any other state.

     c.     Payroll for all of TRAVELERS' employees is conducted in Connecticut.

     d.     The Hartford office is the primary location for all of TRAVELERS' books and records.

     e.     All sales, claims, bonds and other transactions are conducted, managed and tracked through the Hartford office.

///

///

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 2 -

COMPLAINT

f.      The greatest percentage of TRAVELERS' tangible property is located in the State of Connecticut.  This tangible property consists of offices, books, and records.

g.      TRAVELERS generates a substantial percentage of its income in the State of Connecticut.

4.      Additionally, based on the following facts, TRAVELERS' nerve center is located in Hartford, Connecticut:

a.      TRAVELERS' headquarters is located in Hartford, Connecticut. The Hartford office is the main administrative office for TRAVELERS and contains the substantial predominance of corporate operations.

b.      The Hartford office is where the majority of its executive and administrative functions are performed.  The primary office of TRAVELERS' Chief Executive Officer and the primary location of TRAVELERS' Management Committee's regular meetings is in Hartford.

c.      All decisions regarding business strategies, management of corporate assets and finances, and corporate governance are made in Hartford, Connecticut.

5.      At all relevant times, TRAVELERS was duly licensed to conduct business in the State of California.  TRAVELERS is an admitted surety insurer in the State of California, among other jurisdictions, and issues contract surety bonds, among other bonds, and lines of insurance in the course of its business.

6.      TRAVELERS is informed, believes and thereon alleges that Defendant MARCON ENGINEERING, INC. ("MARCON ENGINEERING") is a corporation organized under the laws of the State of California with its principal place of business in the County of San Diego, California.  At all times, TRAVELERS is informed, believes and thereon alleges MARCON ENGINEERING was duly licensed to conduct business in the State of California.

///

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 3 -                                                    COMPLAINT

7.     TRAVELERS is informed, believes and thereon alleges that Defendant MARYORY S. CONTRERAS TRUST AGREEMENT, with Defendant MARYORY S. CONTRERAS as Trustee ("CONTRERAS TRUST"), was formed in the State of California and is subject to the jurisdiction and laws thereof.

8.     TRAVELERS is informed, believes and thereon alleges that Defendant MARYORY S. CONTRERAS is an individual residing in the State of California and is subject to the jurisdiction and laws thereof.

9.     TRAVELERS is informed, believes and thereon alleges that Defendant MARCON LAND MANAGEMENT, LLC ("MARCON MANAGEMENT") is a limited liability company organized under the laws of the State of California with its principal place of business in the County of San Diego, California.  At all times, TRAVELERS is informed, believes and thereon alleges that MARCON MANAGEMENT was duly licensed to conduct business in the State of California.

10.     Defendants MARCON ENGINEERING, CONTRERAS TRUST, MARYORY S. CONTRERAS, and MARCON MANAGEMENT, hereinafter shall be collectively referred to as the "Indemnity Defendants."

## GENERAL AGREEMENT OF INDEMNITY

11.     On or around April 8, 2010, Defendants MARCON ENGINEERING, CONTRERAS TRUST, MARYORY S. CONTRERAS, and MARCON MANAGEMENT, and each of them, executed a General Agreement of Indemnity ("Indemnity Agreement") with TRAVELERS.  Attached hereto as Exhibit "A" is a copy of the April 8, 2010 Indemnity Agreement.

12.     Under the terms of the Indemnity Agreement, the Indemnity Defendants, and each of them, are obligated to "exonerate, indemnify and save [TRAVELERS] harmless from and against all Loss."  *See* Exhibit "A," ¶ 3.

13.     The Indemnity Agreement defines "Loss" as, "All loss and expense of any kind or nature, including attorneys' and other professional fees, which [TRAVELERS] incurs in connection with any Bond or this Agreement, including

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

COMPLAINT

1   but not limited to all loss and expense incurred by reason of [TRAVELERS]: (a)

2   making any investigation in connection with any Bond; (b) prosecuting or

3   defending any action in connection with any Bond; (c) obtaining the release of any

4   Bond; (d) recovering or attempting to recover Property in connection with any

5   Bond or this Agreement; (e) enforcing by litigation or otherwise any of the

6   provisions of this Agreement; and (f) all interest accruing thereon at the maximum

7   legal rate." *See* Exhibit "A," ¶ 1.

8       14.   Pursuant to the Indemnity Agreement, the Indemnity Defendants, and

9   each of them, "agree[d] to deposit with [TRAVELERS], upon demand, an amount

10  determined by [TRAVELERS] sufficient to discharge any Loss or anticipated

11  Loss." *See* Exhibit "A," ¶ 5.

12  **<u>BONDS ISSUED BY TRAVELERS</u>**

13      15.   Pursuant to the request of the Indemnity Defendants, and each of them,

14  and in reliance upon the terms of the Indemnity Agreement, TRAVELERS issued

15  surety bonds on behalf of MARCON ENGINEERING, including but not

16  necessarily limited to Performance and Payment Bonds (collectively, "Bonds")

17  bearing number 054-SB-105243718 in connection with the construction project

18  known as Plumbing Repairs, Bldg. 520442 MCB, Camp Pendleton ("Project").

19  Attached hereto collectively as Exhibit "B" are copies of the Bonds.

20      16.   Subsequent to its issuance of the Bonds, De La Riva Construction, Inc.

21  as Plaintiff ("DE LA RIVA") filed a lawsuit against, among others, MARCON

22  ENGINEERING and TRAVELERS, seeking recovery under the Bonds in the

23  United States District Court, Southern District of California, bearing case No. 11-

24  CV-52-MMA (DHB) ( "De La Riva Litigation").

25      17.   On or about October 1, 2013, a judgment was entered in the De La

26  Riva Litigation against, among others, MARCON ENGINEERING and

27  TRAVELERS for the total sum of $203,234.51 ("Judgment").

28  ///

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 5 -

COMPLAINT

18.     Thereafter, DE LA RIVA sought to recover its fees and costs in the total amount of $499,630.13, which was subsequently reduced by the District Court to $274,412.50 ("Fee Award"). DE LA RIVA has filed a Motion For Reconsideration with respect to its requested fees and costs, which is currently pending.

19.     TRAVELERS has determined that, based upon the foregoing, including the Judgment and pending Motion For Reconsideration in the De La Riva Litigation, its anticipated losses under the Bonds exceed $550,000.

## INDEMNITY AND COLLATERAL DEMAND

20.     On or about January 30, 2014, TRAVELERS caused to be sent to the Indemnity Defendants a letter demanding, pursuant to the Indemnity Agreement, collateral security in the amount of $550,000 to cover TRAVELERS' actual and/or anticipated losses under the Bonds.  Attached hereto as Exhibit "C" is a copy of the January 30, 2014 collateral demand letter served by TRAVELERS on the Indemnity Defendants.

21.     To date, the Indemnity Defendants have failed to comply with TRAVELERS' demands.

22.     Additionally, the Indemnity Defendants have failed and refused, and continue to fail and refuse, to deposit collateral in any amount with TRAVELERS and indemnify and hold TRAVELERS harmless for its losses.

23.     As a consequence of the De La Riva Litigation and/or the Judgment, Fee Award, and Motion For Reconsideration, TRAVELERS was forced to retain Watt, Tieder, Hoffar & Fitzgerald, LLP as legal counsel and has and will continue to incur fees and costs in connection therewith.

## FIRST CAUSE OF ACTION

### (Statutory Indemnity Against The Indemnity Defendants)

24.     TRAVELERS incorporates by reference Paragraphs 1 through 23 as though set forth fully in this cause of action.

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

**COMPLAINT**

25.     A Judgment and Fee Award totaling $489,687.28 have been awarded to DE LA RIVA against TRAVELERS, among others, in connection with the De La Riva Litigation as a consequence of having issued the Bonds to MARCON ENGINEERING.

26.     As a consequence of TRAVELERS having issued the Bonds, the Indemnity Defendants became and are now obligated to reimburse TRAVELERS for any amount or amounts TRAVELERS paid or will pay pursuant to the terms of the Bonds, including all necessary costs and expenses, in accordance with California *Civil Code* section 2847.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against The Indemnity Defendants)

27.     TRAVELERS incorporates by reference Paragraphs 1 through 26 as though set forth fully in this cause of action.

28.     Due to the Judgment and Fee Award having been awarded to DE LA RIVA against TRAVELERS, among others, in connection with the De La Riva Litigation, TRAVELERS has incurred and will continue to incur costs, expenses and attorneys' fees.

29.     Despite a demand by TRAVELERS, the Indemnity Defendants have failed and refused (and continue to fail and refuse) to deposit collateral in any amount with TRAVELERS and/or indemnify and hold TRAVELERS harmless for its losses under the terms of the Indemnity Agreement.

30.     TRAVELERS has performed all of the terms, covenants, and conditions required on its part to be performed under the terms of the Indemnity Agreement, or has been excused from doing so.

31.     As a direct and proximate result of the breach of the Indemnity Agreement by the Indemnity Defendants, TRAVELERS has incurred (and will continue to incur) losses and expenses in an amount according to proof, along with attorneys' fees, expenses and costs incurred in prosecuting this action.

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 7 -

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **THIRD CAUSE OF ACTION**

### **(Quia Timet Against The Indemnity Defendants)**

32.    TRAVELERS incorporates by reference Paragraphs 1 through 31 as though set forth fully in this cause of action.

33.    The Indemnity Defendants, and each of them, are obligated under the doctrine of Quia Timet to post collateral security and to reimburse TRAVELERS for all losses and expenses that have been incurred and will be incurred by TRAVELERS as a consequence of the Bonds it issued on behalf of MARCON ENGINEERING.

34.    TRAVELERS believes, based upon its understanding of the financial status of the Indemnity Defendants and their unwillingness to indemnify TRAVELERS or to post sufficient collateral, that the Indemnity Defendants, and each of them, will attempt to avoid their obligations to indemnify and hold TRAVELERS harmless in accordance with the terms of the Indemnity Agreement by transferring and conveying their assets to satisfy obligations other than those covered by the Indemnity Agreement or otherwise included within the scope of the Indemnity Agreement.

35.    TRAVELERS is informed, believes and thereon alleges that the Indemnity Defendants and each of them, have exhibited a willingness to evade their obligations and may transfer assets in derogation of the legal and equitable rights of TRAVELERS.  If the Indemnity Defendants are not enjoined immediately from transferring their assets, the assets may be disposed of permanently, and the Indemnity Defendants will render themselves insolvent, thereby irreparably harming TRAVELERS.  As a result, TRAVELERS has no adequate remedy at law for the injuries suffered and the injuries it will continue to suffer.

36.    As a proximate result of the conduct of the Indemnity Defendants, and each of them, TRAVELERS has been or will be damaged so long as the Indemnity Defendants are able to evade their obligations to TRAVELERS under the

Watt, Tieder,
Hoffar &
Fitzgerald, L.L.P.
Attorneys At Law
Irvine

- 8 -

**COMPLAINT**

Indemnity Agreement by transferring their assets. The full amount of this damage is not presently know by TRAVELERS, which will amend its complaint to state this amount when the same becomes known to it, or on proof of the damages.

37.    TRAVELERS is entitled to receive a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining the Indemnity Defendants, and each of them, as well as their agents, servants, assignees, employees, officers, and all persons or entities acting thereunder, in concert with, or for them from transferring any assets absent further court order.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief Against The Indemnity Defendants)

38.    TRAVELERS incorporates by reference Paragraphs 1 through 37 as though set forth fully in this cause of action.

39.    An actual controversy has arisen and now exists between TRAVELERS and the Indemnity Defendants. TRAVELERS contends that the Indemnity Defendants are obligated to reimburse TRAVELERS for amounts TRAVELERS has incurred and will continue to incur to resolve the Judgment and Fee Award, as well as enforce its rights under the Indemnity Agreement. TRAVELERS also contends that the Indemnity Defendants are required to deposit collateral in an amount determined by TRAVELERS sufficient to discharge any loss or anticipated loss.

40.    TRAVELERS desires a judicial determination of the respective rights and duties of TRAVELERS on the one hand, and the Indemnity Defendants, and each of them, on the other, with respect to the application of California *Civil Code* section 2847. In particular, TRAVELERS desires a declaration that, as a consequence of California *Civil Code* section 2847, the Indemnity Defendants, and each of them, are obligated to reimburse TRAVELERS for amounts TRAVELERS has incurred and will continue to incur to satisfy the Indemnity Defendants'

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 9 -                                                    COMPLAINT

obligations concerning the Judgment and Fee Award, plus its necessary costs and expenses.

41.     TRAVELERS desires a judicial determination of the respective rights and duties of TRAVELERS and the Indemnity Defendants, and each of them, with respect to the meaning and interpretation of the Indemnity Agreement.    In particular, TRAVELERS desires a declaration that, under the terms of the Indemnity Agreement, the Indemnity Defendants are obligated to: (1) reimburse TRAVELERS for amounts TRAVELERS has incurred and will continue to incur to satisfy MARCON ENGINEERING's obligations as the principal on the Bonds, including attorney fees, costs and expenses; (2) resolve the Judgment and Fee Award and/or indemnify TRAVELERS concerning the same; and (3) deposit collateral in an amount as determined by TRAVELERS sufficient to discharge any loss or anticipated loss.

## FIFTH CAUSE OF ACTION

### (Specific Performance Against The Indemnity Defendants)

42.     TRAVELERS incorporates by reference Paragraphs 1 through 41 as though set forth fully in this cause of action.

43.     TRAVELERS issued the Bonds on behalf of MARCON ENGINEERING at the request of the Indemnity Defendants.

44.     TRAVELERS has incurred and will continue to incur losses and expenses by virtue of and as a direct consequence of its issuance of the Bonds and in satisfying the Indemnity Defendants' obligations concerning the Judgment, Fee Award, and TRAVELERS' related and incurred fees, costs and expenses.

45.     TRAVELERS is entitled to a judgment compelling the Indemnity Defendants to specifically perform pursuant to the terms of the Indemnity Agreement by: (1) indemnifying TRAVELERS for all of its losses, expenses, costs and fees that have been incurred, and continue to be incurred, in connection with its issuance of Bonds, including but not limited to the Judgment and Fee Award; and

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 10 -

COMPLAINT

(2) depositing collateral with TRAVELERS in an amount as determined by TRAVELERS sufficient to discharge any loss or anticipated loss.

46.     TRAVELERS' remedy at law is inadequate, in that TRAVELERS is exposed to liability that is not liquidated at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA prays for judgment as follows:

ON THE FIRST CAUSE OF ACTION:

1.     For damages in an amount equal to the amount TRAVELERS incurs and will incur to satisfy the Indemnity Defendants' obligations concerning the Judgment, Fee Award, and TRAVELERS' related fees, costs and expenses, presently alleged to be no less than $550,000.00;

2.     For costs of suit herein; and

3.     For such other and further relief deemed necessary and proper by the Court.

ON THE SECOND CAUSE OF ACTION:

1.     For all damages proximately caused by the Indemnity Defendants' breach of the Indemnity Agreement;

2.     For an award of attorneys' fees expended to prosecute this action;

3.     For costs of suit herein; and

4.     For such other and further relief deemed necessary and proper by the Court.

ON THE THIRD CAUSE OF ACTION:

1.     A temporary restraining order, preliminary and permanent injunction enjoining the Indemnity Defendants, their agents, servants, employees, officers and assigns, and each of them, from transferring any assets absent further court order;

2.     For reasonable attorneys' fees and costs incurred herein, according to proof;

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 11 -

COMPLAINT

3.      For costs of suit herein; and

4.      For such other and further relief deemed necessary and proper by the Court.

ON THE FOURTH CAUSE OF ACTION:

1.      A judicial declaration regarding the applicability of, as well as the rights and obligations of the parties under, California *Civil Code* Section 2847. Specifically, a judicial declaration that the Indemnity Defendants, and each of them, are obligated to reimburse TRAVELERS for amounts TRAVELERS has incurred and will continue to incur to satisfy the Indemnity Defendants' obligations concerning the Judgment, Fee Award, and TRAVELERS' related fees, costs and expenses.

2.      A judicial declaration that, under the terms of the Indemnity Agreement, the Indemnity Defendants are obligated to: (1) reimburse TRAVELERS for amounts TRAVELERS has incurred and will continue to incur to satisfy MARCON ENGINEERING's obligations as the principal on the Bonds, including attorney fees, costs and expenses; (2) resolve the Judgment and Fee Award and/or indemnify TRAVELERS concerning the same; and (3) deposit collateral in an amount as determined by TRAVELERS sufficient to discharge any loss or anticipated loss.

3.      For costs of suit herein; and

4.      For such other and further relief deemed necessary and proper by the Court.

ON THE FIFTH CAUSE OF ACTION:

1.      For an order compelling the Indemnity Defendants, and each of them, to comply with the terms of the Indemnity Agreement by: (1) indemnifying TRAVELERS for all of its losses, expenses, costs and fees that have been incurred, and continue to be incurred, in connection with its issuance of Bonds, including but not limited to the Judgment and Fee Award; and (2) depositing collateral with

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 12 -

COMPLAINT

1  TRAVELERS in an amount as determined by TRAVELERS sufficient to discharge
2  any loss or anticipated loss;

3      2.      For all damages proximately caused by the Indemnity Defendants
4  breach of the Indemnity Agreement;

5      3.      For interest thereon at the legal rate;

6      4.      For reasonable attorneys' fees and costs incurred herein, according to
7  proof.

8      5.      For costs of suit herein; and

9      6.      For such other and further relief as the Court may deem necessary and
10  proper.

## DEMAND FOR JURY TRIAL

12      Plaintiff TRAVELERS CASUALTY AND SURETY COMPANY OF
13  AMERICA hereby demands a jury trial.

14

15  Dated: February 21, 2014          Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

16

17                                   By: Brent Mackay
18                                   Robert C. Niesley
                                     Brent N. Mackay
19                                   Attorneys for Plaintiff
                                     TRAVELERS CASUALTY AND
20                                   SURETY COMPANY OF AMERICA

21  9220915.1 103124.00021

22

23

24

25

26

27

28

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

**COMPLAINT**

# EXHIBIT "A"

# General Agreement
# Of Indemnity

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
**Hartford, Connecticut  06183**

We the undersigned, individually and for and on behalf of all other Indemnitors, enter into this General Agreement of Indemnity ("Agreement") in favor of Company. Witnesseth:

WHEREAS, in the transaction of business, Bonds have heretofore been and/or may hereafter be executed by Company. In connection with the execution, delivery and/or assumption of obligations of such Bonds, Company requires complete indemnification.

NOW, THEREFORE, as an inducement to Company and in consideration of Company's execution and/or delivery of one or more Bonds, refraining from canceling one or more Bonds, and/or assumption of obligations by Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors jointly and severally agree with Company as follows:

1.  **Definitions:** For purposes of this Agreement, the following definitions apply, which definitions shall be equally applicable to both the singular and plural forms of such terms:

**Bond** - Any and all bonds, undertakings, guarantees, contractual obligations, and writings or statements of prequalification or commitment, including Modifications thereof, which Company has executed or procured, or for which Company has an obligation as a result of an asset purchase, acquisition, merger or like transaction, issued for or on behalf of: (a) any one or more of the Indemnitors (without regard to whether any such Indemnitor signed this Agreement), their respective present or future direct or indirect parent companies, subsidiaries and affiliates and all of their respective successors and assigns; (b) any present or future joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of the persons or entities identified in sub-paragraph (a) above have an interest; (c) any other person or entity at the request of any of the Indemnitors; or (d) any combination of the above, whether executed or procured before, on, or after the execution of this Agreement.  For the purpose of this definition, "Modifications" shall include but not be limited to renewals, substitutions, riders, endorsements, reinstatements, replacements, increases or decreases in penal sum, continuations, and extensions.

**Company** - Travelers Casualty and Surety Company of America, St. Paul Fire and Marine Insurance Company, any of their present or future direct or indirect parent companies, any of the respective present or future direct or indirect affiliates or subsidiaries of such companies and parent companies, and/or any of the aforementioned entities' successors or assigns.

**Contract** - Any contract or obligation the performance of which is guaranteed or covered either in whole or in part under a Bond.

**Default** - Any of the following shall constitute a Default: (a) a declaration of Contract default by any Obligee; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or any Indemnitor's assets to the detriment of Contract obligations; (g) any Indemnitor's becoming the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, or creditor assignment, or actually becoming insolvent; (h) any Indemnitor's dying, becoming legally incompetent, being imprisoned, being convicted of a felony, or disappearing and being unable to be located; (i) any representation furnished to Company by or on behalf of any Indemnitor proving to have been materially false or misleading when made; and/or (j) any change in control or existence of any Indemnitor. Change in control means the addition or departure of any person or entity having a ten percent (10%) or greater ownership interest in any Indemnitor.

**Indemnitors** - Undersigned, all new indemnitors added to this Agreement by rider, their present and future direct and indirect subsidiaries, affiliates, and parent companies, and all of their successors and assigns, and any joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of them are involved, whether in existence now or formed or acquired hereafter, and any entity that obtains Bonds from Company at the request of any of the aforementioned parties, or any combination of the above.

**Loss** - All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

**Obligee** - Any person or entity in whose favor a Bond has been issued, and that person's or entity's successors and assigns.

**Property** - Indemnitors' rights, title and interest, whether now held or hereafter acquired in: (a) any Contract or contract, including but not limited to subcontracts let; (b) any and all sums due or which may hereafter become due under any Contract or contract, and all damage claims and proceeds related thereto; (c) all rights arising under any surety bonds or insurance policies; and (d) any and all accounts receivable, letters of credit, documents of title, bills of lading, warehouse receipts, machinery, plants, equipment, tools, materials, supplies, inventory, vehicles, hardware, software, machine tools, fixtures, office equipment, books, records, designs, licenses, patents, intellectual property, as-builts, construction drawings and documents, and all electronically stored information.

2.  **Payment of Premium:** Indemnitors shall pay to Company all premiums for each Bond executed and all renewals and extensions thereof.

3.  **Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

4.  **Claim Settlement:** Company shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

**5.   Collateral Security:** Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

**6.   Remedies:** In the event of a Default, Indemnitors assign, convey and transfer to Company all of their rights, title and interests in Property, and Company shall have a right in its sole discretion to: (a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; (b) immediately take possession of Indemnitors' Property, and utilize the Property for the completion of the work under the Contracts without payment for such use; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as Company sees fit; (d) execute in the name of any Indemnitor, any instruments deemed necessary or desirable by Company to: (i) provide Company with title to assets, (ii) take immediate possession of Contract funds whether earned or unearned, (iii) collect such sums as may be due Indemnitors and to endorse in the name of Indemnitors, and (iv) collect on any negotiable instruments; (e) require any Obligee to withhold payment of Contract funds unless and until Company consents to its release; and/or (f) be subrogated to all the rights, remedies, properties, funds, securities and receivables relating to Indemnitors' Contracts or contracts and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another Contract, bond or contract.  Further, in the event of Default and upon demand Indemnitors shall direct that all payments, monies, and properties that are due or may become due on any Contract or contract be made payable to, and/or sent directly to, Company, and shall issue whatever writing or notices as deemed necessary by Company to effectuate the default and/or termination of any Contract.

**7.   Joint and Several Liability:** The obligations of Indemnitors hereunder are joint and several. Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and any such settlements shall not bar or prejudice actions by Company against or affect the liability of the other Indemnitors hereunder.

**8.   Decline Execution:** Company has the right, for any reason, to decline to execute: (a) any Bond, including final Bonds where Company provided a bid Bond; (b) any Bond rider or consent authorizing any change to any Bond; and/or (c) any other consent of surety, without incurring any liability or waiving any right.

**9.   Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which Company as beneficiary may be liable under any Bond. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of Company.

**10.   Books, Records and Credit:** Indemnitors shall furnish upon demand, and Company shall have the right of free access to, at reasonable times, the records of Indemnitors including, but not limited to, books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information, for the purpose of examining and copying them. Indemnitors expressly authorize Company to access their credit records, including, but not limited to, account numbers and/or account balances from financial institutions.  To the extent required by law, Indemnitors, upon request, shall be informed whether or not a consumer report has been requested by Company, and if so, the name and address of the consumer reporting agency furnishing the report.

**11.   Attorney in Fact:** Indemnitors irrevocably constitute, appoint and designate Company as their attorney in fact with the right, but not the obligation, to exercise all rights of Indemnitors assigned or granted to Company and to execute and deliver any other assignments, documents, instruments or agreements deemed necessary by Company to exercise its rights under this Agreement in the name of any Indemnitor.

**12.   Security Interest:** As security for their obligations hereunder, Indemnitors hereby grant to Company a security interest in the following properties, assets and rights of Indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof: all goods (including inventory, equipment and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or rights to the payment of money, insurance claims and proceeds, and all general intangibles (the "Collateral").  This Agreement shall for all purposes constitute a Security Agreement for the benefit of Company in accordance with the Uniform Commercial Code ("UCC") and all similar statutes.  Indemnitors hereby irrevocably authorize Company, without notice to any Indemnitor, in order to perfect the security interest granted herein, to file either: (a) this Agreement or a copy or other reproduction of this Agreement; or (b) any initial financing statements or amendments thereto that indicate the Collateral as all assets of Indemnitors or words of similar effect, as being of an equal or lesser scope or with greater detail and that contain any other information relating to any Indemnitor required by Part 5 of Article 9 of the UCC for the jurisdiction where such financing statement or amendment is filed.  Company may add schedules or other documents to this Agreement as necessary to perfect its rights. The failure to file or record this Agreement or any financing statement shall not release or excuse any of the obligations of Indemnitors under this Agreement.

**13.   Termination:** This is a continuing Agreement, which remains in full force and effect until terminated. The sole method available to Indemnitors to terminate their participation in this Agreement is by giving written notice to Company of Indemnitors' intent to terminate. Such notice shall be sent to St. Paul Travelers Bond, Attention: Construction Services – Bond, One Tower Square, 5PB, Hartford, Connecticut 06183.  The termination shall take effect thirty (30) days after Company receives such notice ("Termination Date"). The notice shall not relieve Indemnitor from its obligations for any Bond executed prior to the Termination Date or with respect to any Bond executed after the Termination Date: (a) upon the award of a Contract to any Indemnitor on a bid or proposal in respect of which Company has executed or procured a bid Bond prior to the Termination Date; or (b) which Company has become committed to execute or procure prior to the Termination Date; or (c) in connection with any maintenance, guarantee, claim, lien, litigation, or other matter involving or relating to any Bond executed prior to the Termination Date or thereafter executed or procured as provided in sub-paragraphs (a) or (b) above.

**14. Jurisdiction:** In any legal proceeding brought by or against Company that in any way relates to this Agreement, each Indemnitor, for itself and its property, irrevocably and unconditionally submits to the exclusive jurisdiction, at the sole and exclusive option of Company, of the courts in any state in which any Indemnitor resides, has property, or in which any Contract is performed. Indemnitors hereby irrevocably and unconditionally submit to the jurisdiction of said courts and waive and agree not to assert any claim that they are not subject to the jurisdiction of any such court, that such proceeding is brought in an inconvenient forum or that the venue of such proceeding is improper.

**15. Other Sureties:** If Company procures the execution of Bonds by other sureties, executes Bonds with co-sureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, co-surety or reinsurer, but only as to such Bonds.

**16. Nature of Rights:** If any provision or portion of this Agreement is or becomes unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted. This Agreement is in addition to and not in lieu of any other agreement of indemnity, whether now existing or entered into hereafter. Company shall be entitled to specific performance of the terms of this Agreement in addition to any other remedy at law or equity. Time is of the essence in this Agreement. Whenever the context may require, any pronoun used in this Agreement shall include the corresponding masculine, feminine and neuter forms. The rights and remedies afforded to Company by the terms of this Agreement can only be modified by a written rider to this Agreement signed by an authorized representative of Company. If any Indemnitor fails to execute or improperly executes this Agreement or is otherwise found not to be bound under this Agreement, such failure or finding shall not affect the obligations of the other Indemnitors. The failure to sign or the improper execution of a Bond shall not affect Company's rights under this Agreement, and Indemnitors waive any claim they may have, now or at any time in the future, arising out of the failure to sign or properly execute a Bond. Termination and/or limitation of any Indemnitors' obligations under this Agreement shall in no way affect the obligations of any of the other Indemnitors whose obligations have not been terminated and/or limited. Indemnitors acknowledge this Agreement can be amended via rider to add another person, entity or entitles as Indemnitor(s) to this Agreement and Indemnitors waive any and all notice in connection with the addition of additional Indemnitors and further acknowledge the rights and obligations provided herein shall apply to all Indemnitors whenever made a party to the Agreement.

**17. Jury Waiver:** Indemnitors hereby waive and covenant that they will not assert any right to trial by jury in respect to any legal proceeding arising out of this Agreement.

**18. Resolution:** Indemnitors have a substantial, material and beneficial interest: (a) in the obtaining of Bonds by any of the Indemnitors; and (b) in the transaction(s) for which any Indemnitor has applied or will apply to Company for Bonds pursuant to this Agreement. Indemnitors have the full power and authority to execute, deliver and perform this Agreement and to carry out the obligations stated herein. Indemnitors further acknowledge and agree that: (x) the execution, delivery and performance of this Agreement by such Indemnitors; (y) the compliance with the terms and provisions hereof; and (z) the carrying out of the obligations contemplated herein, do not, and will not, conflict with and will not result in a breach or violation of any terms, conditions or provisions of the charter documents or bylaws of such Indemnitors, or any law, governmental rule or regulation, or any applicable order, writ, injunction, judgment or decree of any court or governmental authority against Indemnitors, or any other agreement binding upon Indemnitors, or constitute a default thereunder.

**19. Date of Agreement:** The date of this Agreement shall be the earliest date any Indemnitor executes this Agreement.

WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY.   THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.  IN TESTIMONY HEREOF, WE THE INDEMNITORS HAVE SET OUR HANDS AND FIXED OUR SEALS AS SET FORTH BELOW.

IMPORTANT:   1.   PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
2.   ALL PERSONAL INDEMNITORS MUST PROVIDE A RESIDENTIAL ADDRESS AND SOCIAL SECURITY NUMBER AND EACH SIGNATURE MUST BE NOTARIZED.
3.   ALL ENTITY INDEMNITORS MUST PROVIDE AN ADDRESS AND FEDERAL TAX IDENTIFICATION NUMBER, IF APPLICABLE, AND EACH SIGNATURE MUST BE NOTARIZED.

| If Indemnitor an Individual, sign below: |
|---|

*[signature]*                                          4/8/10          17181 Castello Cir., San Diego, CA 92127

Indemnitor – Individual          (signature)                 Month/Day/Year      Address

Maryory S. Contreras                                         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

Indemnitor – Individual          (print or type)                            SS#

| If Indemnitor a Corporation, Limited Liability Company, Partnership, or Trust, sign below: |
|---|

**Instructions:** All signatures must be notarized.  If the entity is:  1) a corporation, the secretary and an authorized officer should sign on behalf of the corporation; 2) a limited liability company, the manager(s) or member(s) should sign on behalf of the LLC; 3) a partnership, the partner(s) should sign on behalf of the partnership; or 4) a trust, all trustees should sign.  Two signatures are required for all entities except where otherwise instructed by Company.

Each of the undersigned hereby affirms to Company as follows:  I am a duly authorized official of the business entity Indemnitor on whose behalf I am executing this Agreement.  In such capacity I am familiar with all of the documents which set forth and establish the rights which govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, and/or partnership, operating or limited liability agreements of such business entity.  Having reviewed all such applicable documents and instruments and such other facts as deemed appropriate, I hereby affirm that such entity has the power and authority to enter into this Agreement and that the individuals executing this Agreement on behalf of such entity are duly authorized to do so.

MarCon Engineering, Inc.
Indemnitor – (Corporation) Limited Liability Company, Partnership, or
Trust (circle one)

By _MarCon̄__ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, President
(Print or Type Name and Title)
876 N. Broadway, Escondido, CA 92025
(Address)

33-0931200                          4/8/10
(Federal Tax ID)                    Month/Day/Year

By _MarCon̄__ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, Secretary
(Print or Type Name and Title)
California
(State of Incorporation / Formation)


MarCon Land Management, LLC
Indemnitor – Corporation, (Limited Liability Company,) Partnership, or
Trust (circle one)

By _MarCon̄__ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, Managing Member
(Print or Type Name and Title)
876 N. Broadway, Escondido, CA 92025
(Address)

26-4388665                          4/8/10
(Federal Tax ID)                    Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

_____
(Print or Type Name and Title)
California
(State of Incorporation / Formation)


Maryory S. Contreras Trust Agreement
Indemnitor – Corporation, Limited Liability Company, Partnership, or
(Trust) (circle one)

By _MarCon̄__ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, Trustee
(Print or Type Name and Title)
17181 Castello Cir., San Diego, CA 92127
(Address)

                                    4/8/10
                                    Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

_____
(Print or Type Name and Title)
California
(State of Incorporation / Formation)

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_ }

On _8 April 2010_ before me, _Sylvia Nichols Aldrich_,
    *Date*                             *Here Insert Name and Title of the Officer*

personally appeared _Margory Stella Contreras_
                                       *Name(s) of Signer(s)*

SYLVIA NICHOLS ALDRICH
COMM. #1805331
Notary Public · California
San Diego County
Comm. Expires Jul 1, 2012

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                           *Signature of Notary Public*

Place Notary Seal Above

———————— **OPTIONAL** ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Travelers - General Agreement of INDEMNITY (GAI)_

Document Date: _4|8|10_            Number of Pages: _4_

Signer(s) Other Than Named Above: _NONE_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Margory Contreras_
- ☑ Individual
- ☐ Corporate Officer --- Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____
_herself_

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer --- Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of ___SAN DIEGO___ }

On _8 APRIL 2010_ before me, ___Sylvia Nichols Aldrich___
    *Date*                           *Here Insert Name and Title of the Officer*

personally appeared ___Margory Stella Contreras___
                                   *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                *Signature of Notary Public*

SYLVIA NICHOLS ALDRICH
COMM. #1805331
Notary Public • California
San Diego County
Comm. Expires Jul 1, 2012

*Place Notary Seal Above*

—————— OPTIONAL ——————
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Travelers- General Agreement of Indemnity (GAI)_

Document Date: _4/8/10_             Number of Pages: _4_

Signer(s) Other Than Named Above: _none_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Margory Contreras_
☐ Individual
☒ Corporate Officer — Title(s): _President/Sec_
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____
_Marcon Engineering Inc._

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_ }

On _8 April 2010_ before me, _Sylvia Nichols Aldrich_
.............Date..............                          .......Here Insert Name and Title of the Officer.......

personally appeared _Marysry Stella Contreras_
.........................................Name(s) of Signer(s).........................................

---

SYLVIA NICHOLS ALDRICH
COMM. #1805331
Notary Public · California
San Diego County
Comm. Expires Jul 1, 2012

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
..................Signature of Notary Public..................

Place Notary Seal Above

---

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _Travelers- General Agreement of Indemnity (GAI)_

Document Date: _4/8/10_                Number of Pages: _4_

Signer(s) Other Than Named Above: _none_

### Capacity(ies) Claimed by Signer(s)

Signer's Name: _Marysry Contreras_
☐ Individual
☐ Corporate Officer --- Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: _LLC_

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
_Marcon Land_
_Management LLC_

Signer's Name: _____
☐ Individual
☐ Corporate Officer --- Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_ }

On _8 April 2010_ before me, _Sylvia Nichols Aldrich_
      Date                     Here Insert Name and Title of the Officer

personally appeared _Marygry Stella Contreras_
                                       Name(s) of Signer(s)

SYLVIA NICHOLS ALDRICH
COMM. #1805331
Notary Public · California
San Diego County
Comm. Expires Jul 1, 2012

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Signature_
                     Signature of Notary Public

Place Notary Seal Above

— **OPTIONAL** —

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _Travelers - General Agreement of Indemnity (GAI)_

Document Date: _4/8/10_                    Number of Pages: _4_

Signer(s) Other Than Named Above: _none_

### Capacity(ies) Claimed by Signer(s)

Signer's Name: _Marygry Contreras_
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☑ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
_Marygry S. Contreras_
_Trust Agreement_

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

**EXHIBIT "B"**

Issued in Triplicate                                                          Bond No. 105243718

| **PERFORMANCE BOND**<br>*(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br><br>May 12, 2010 | OMB No.: **9000-0045** |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

PRINCIPAL *(Legal name and business address)*

Marcon Engineering, Inc.

870 N Boradway

Escondido, CA 92025

TYPE OF ORGANIZATION *("X" one)*

☐ INDIVIDUAL     ☐ PARTNERSHIP

☐ JOINT VENTURE     ☒ CORPORATION

STATE OF INCORPORATION

California

SURETY(IES) *(Name(s) and business address(es))*

Travelers Casualty and Surety Company of America

One Tower Square

Hartford, CT 06183 - 6014

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 001 | 498 | 524 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| May 11, 2010 | N62473-08-D-8645<br>Task Order No. 0014 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum.  For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally.  However, where the Sureties are corporations, acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us.  For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety.  If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made.  Notice of those modifications to the Surety(ies) are waived.

(b)   Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

| | **PRINCIPAL** Marcon Engineering, Inc. | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1.<br><br>(Seal) | 2.<br><br>(Seal) | 3.<br><br>(Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | 3. | |

| | **INDIVIDUAL SURETY(IES)** | | |
|---|---|---|---|
| SIGNATURE(S) | 1.<br><br>(Seal) | 2.<br><br>(Seal) | (Seal) |
| NAME(S) *(Typed)* | 1. | 2. | |

**CORPORATE SURETY(IES)**

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Travelers Casualty and Surety Company of America<br>One Tower Square, Hartford, CT 06183 - 6014 | CT | $ 173,498,000 | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1.<br>Janis Theodore, Attorney-in-Fact | | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION<br>Previous edition not usable

**STANDARD FORM 25** (REV. 5-96 )<br>Prescribed by GSA-FAR (48 CFR) 53.228(b)

| | CORPORATE SURETY(IES) *(Continued)* | | | |
|---|---|---|---|---|
| **SURETY B** NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

| BOND PREMIUM ► | RATE PER THOUSAND ($) First $500,000 @ 14.80 Next $998,524 @ 11.74 | TOTAL ($) $19,123.00 |
|---|---|---|

Premium is for Contract Term and is Subject to Adjustment based on the Final Contract Price.

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Bond No. 105243718

| Issued in Triplicate | Premium is included in the Performance Bond |
|---|---|

| **PAYMENT BOND** *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* May 12, 2010 | OMB No.:**9000-0045** |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL *(Legal name and business address)* Marcon Engineering, Inc. 870 N Boradway Escondido, CA 92025 | TYPE OF ORGANIZATION *("X" one)* □ INDIVIDUAL   □ PARTNERSHIP □ JOINT VENTURE   ☒ CORPORATION STATE OF INCORPORATION California |
|---|---|

| SURETY(IES) *(Name(s) and business address(es))* Travelers Casualty and Surety Company of America One Tower Square Hartford, CT 06183 - 6014 | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) 001 | THOUSAND(S) 498 | HUNDRED(S) 524 | CENTS 00 |
| | CONTRACT DATE May 11, 2010 | CONTRACT NO. N62473-08-D-8645 Task Order No. 0014 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| Marcon Engineering, Inc. | **PRINCIPAL** | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | 3. | |

| | **INDIVIDUAL SURETY(IES)** | | |
|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | |
| NAME(S) *(Typed)* | 1. | 2. | |

| | | **CORPORATE SURETY(IES)** | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Travelers Casualty and Surety Company of America One Tower Square, Hartford, CT 06183 - 6014 | STATE OF INC. CT | LIABILITY LIMIT $ 173,498,000 | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Janis Theodore, Attorney-in-Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

| | | CORPORATE SURETY(IES) *(Continued)* | | | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

   (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**EXHIBIT "C"**

WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
ATTORNEYS AT LAW

2040 Main Street, Suite 300
Irvine, California 92614

Telephone: 949-852-6700
Facsimile: 949-261-0771
www.wthf.com

January 30, 2014

Robert C. Niesley
rniesley@wthf.com

**VIA EMAIL AND U.S. MAIL**
maryory.contreras@marconeng.com

Maryory S. Contreras
17181 Castello Circle
San Diego, CA  92127

MarCon Land Management, LLC
876 North Broadway
Escondido, CA  92025

MarCon Engineering, Inc.
876 North Broadway
Escondido, CA  92025

Maryory S. Contreras, Trustee
Maryory S. Contreras Trust Agreement
17181 Castello Circle
San Diego, CA  92127

Re:   Collateral Demand Letter
      Surety       :   Travelers Casualty and Surety Co. of America
      Principal    :   MarCon Engineering, Inc.
      Bond No.     :   054-SB-105243718
      Client/Matter :   103124-21

Dear Indemnitors:

    This letter is written on behalf of our client, Travelers Casualty and Surety Company of America ("Travelers"), your surety on the above-referenced surety bond. Travelers hereby rescinds all prior settlement offers and makes demand for the payment of cash collateral in the amount of $550,000.00, pursuant to paragraph 5 of the General Agreement of Indemnity ("Indemnity Agreement") that you signed on April 8, 2010, a copy of which is enclosed herein. Pursuant to paragraph 5, each of you, jointly and severally, agreed "to deposit with [Travelers], upon demand, an amount as determined by [Travelers] sufficient to discharge any Loss or anticipated Loss."

    The collateral amount of $550,000.00 was calculated using the anticipated amount due under the De La Riva judgment plus reasonable attorneys' fees. The $550,000.00 amount demanded is made with a complete reservation of rights to increase the demand as additional facts become known. Nothing herein is intended to waive, alter, release or rescind any rights of Travelers, whether legal or equitable, specifically including the Indemnity Agreement.

    Payment of the $550,000.00 collateral must be received on or before 5:00 p.m. PST on Wednesday, February 5, 2014. Failure to meet this deadline will result in Travelers immediately seeking legal relief in the United States District Court, Southern District of California.

Collateral Demand to Indemnitors
January 30, 2014
Page 2


Please contact me with any questions.

Very truly yours,

**Watt, Tieder, Hoffar & Fitzgerald, L.L.P.**

Robert C. Niesley

RCN/ao

Enclosure

cc:    Jim Bastian, Esq.

# General Agreement
# Of Indemnity

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
Hartford, Connecticut  06183

We the undersigned, individually and for and on behalf of all other Indemnitors, enter into this General Agreement of Indemnity ("Agreement") in favor of Company. Witnesseth:

WHEREAS, in the transaction of business, Bonds have heretofore been and/or may hereafter be executed by Company. In connection with the execution, delivery and/or assumption of obligations of such Bonds, Company requires complete Indemnification.

NOW, THEREFORE, as an inducement to Company and in consideration of Company's execution and/or delivery of one or more Bonds, refraining from canceling one or more Bonds, and/or assumption of obligations by Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors jointly and severally agree with Company as follows:

1.  **Definitions:** For purposes of this Agreement, the following definitions apply, which definitions shall be equally applicable to both the singular and plural forms of such terms:

**Bond** - Any and all bonds, undertakings, guarantees, contractual obligations, and writings or statements of prequalification or commitment, including Modifications thereof, which Company has executed or procured, or for which Company has an obligation as a result of an asset purchase, acquisition, merger or like transaction, issued for or on behalf of: (a) any one or more of the Indemnitors (without regard to whether any such Indemnitor signed this Agreement), their respective present or future direct or indirect parent companies, subsidiaries and affiliates and all of their respective successors and assigns; (b) any present or future joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of the persons or entities identified in sub-paragraph (a) above have an interest; (c) any other person or entity at the request of any of the Indemnitors; or (d) any combination of the above, whether executed or procured before, on, or after the execution of this Agreement. For the purpose of this definition, "Modifications" shall include but not be limited to renewals, substitutions, riders, endorsements, reinstatements, replacements, increases or decreases in penal sum, continuations, and extensions.

**Company** - Travelers Casualty and Surety Company of America, St. Paul Fire and Marine Insurance Company, any of their present or future direct or indirect parent companies, any of the respective present or future direct or indirect affiliates or subsidiaries of such companies and parent companies, and/or any of the aforementioned entities' successors or assigns.

**Contract** - Any contract or obligation the performance of which is guaranteed or covered either in whole or in part under a Bond.

**Default** - Any of the following shall constitute a Default: (a) a declaration of Contract default by any Obligee; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or any Indemnitor's assets to the detriment of Contract obligations; (g) any Indemnitor's becoming the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, or creditor assignment, or actually becoming insolvent; (h) any Indemnitor's dying, becoming legally incompetent, being imprisoned, being convicted of a felony, or disappearing and being unable to be located; (i) any representation furnished to Company by or on behalf of any Indemnitor proving to have been materially false or misleading when made; and/or (j) any change in control or existence of any Indemnitor. Change in control means the addition or departure of any person or entity having a ten percent (10%) or greater ownership interest in any Indemnitor.

**Indemnitors** - Undersigned, all new indemnitors added to this Agreement by rider, their present and future direct and indirect subsidiaries, affiliates, and parent companies, and all of their successors and assigns, and any joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of them are involved, whether in existence now or formed or acquired hereafter, and any entity that obtains Bonds from Company at the request of any of the aforementioned parties, or any combination of the above.

**Loss** - All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

**Obligee** - Any person or entity in whose favor a Bond has been issued, and that person's or entity's successors and assigns.

**Property** - Indemnitors' rights, title and interest, whether now held or hereafter acquired in: (a) any Contract or contract, including but not limited to subcontracts let; (b) any and all sums due or which may hereafter become due under any Contract or contract, and all damage claims and proceeds related thereto; (c) all rights arising under any surety bonds or insurance policies; and (d) any and all accounts receivable, letters of credit, documents of title, bills of lading, warehouse receipts, machinery, plants, equipment, tools, materials, supplies, inventory, vehicles, hardware, software, machine tools, fixtures, office equipment, books, records, designs, licenses, patents, intellectual property, as-builts, construction drawings and documents, and all electronically stored information.

2.  **Payment of Premium:** Indemnitors shall pay to Company all premiums for each Bond executed and all renewals and extensions thereof.

3.  **Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

4.  **Claim Settlement:** Company shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

S-5007 (8-2004)

5. **Collateral Security:** Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

6. **Remedies:** In the event of a Default, Indemnitors assign, convey and transfer to Company all of their rights, title and interests in Property, and Company shall have a right in its sole discretion to: (a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; (b) immediately take possession of Indemnitors' Property, and utilize the Property for the completion of the work under the Contracts without payment for such use; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as Company sees fit; (d) execute in the name of any Indemnitor, any instruments deemed necessary or desirable by Company to: (i) provide Company with title to assets, (ii) take immediate possession of Contract funds whether earned or unearned, (iii) collect such sums as may be due Indemnitors and to endorse in the name of Indemnitors, and (iv) collect on any negotiable instruments; (e) require any Obligee to withhold payment of Contract funds unless and until Company consents to its release; and/or (f) be subrogated to all the rights, remedies, properties, funds, securities and receivables relating to Indemnitors' Contracts or contracts and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another Contract, bond or contract. Further, in the event of Default and upon demand Indemnitors shall direct that all payments, monies, and properties that are due or may become due on any Contract or contract be made payable to, and/or sent directly to, Company, and shall issue whatever writing or notices as deemed necessary by Company to effectuate the default and/or termination of any Contract.

7. **Joint and Several Liability:** The obligations of Indemnitors hereunder are joint and several. Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and any such settlements shall not bar or prejudice actions by Company against or affect the liability of the other Indemnitors hereunder.

8. **Decline Execution:** Company has the right, for any reason, to decline to execute: (a) any Bond, including final Bonds where Company provided a bid Bond; (b) any Bond rider or consent authorizing any change to any Bond; and/or (c) any other consent of surety, without incurring any liability or waiving any right.

9. **Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which Company as beneficiary may be liable under any Bond. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of Company.

10. **Books, Records and Credit:** Indemnitors shall furnish upon demand, and Company shall have the right of free access to, at reasonable times, the records of Indemnitors including, but not limited to, books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information, for the purpose of examining and copying them. Indemnitors expressly authorize Company to access their credit records, including, but not limited to, account numbers and/or account balances from financial institutions. To the extent required by law, Indemnitors, upon request, shall be informed whether or not a consumer report has been requested by Company, and if so, of the name and address of the consumer reporting agency furnishing the report.

11. **Attorney in Fact:** Indemnitors irrevocably constitute, appoint and designate Company as their attorney in fact with the right, but not the obligation, to exercise all rights of Indemnitors assigned or granted to Company and to execute and deliver any other assignments, documents, instruments or agreements deemed necessary by Company to exercise its rights under this Agreement in the name of any Indemnitor.

12. **Security Interest:** As security for their obligations hereunder, Indemnitors hereby grant to Company a security interest in the following properties, assets and rights of Indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof: all goods (including inventory, equipment and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or rights to the payment of money, insurance claims and proceeds, and all general intangibles (the "Collateral"). This Agreement shall for all purposes constitute a Security Agreement for the benefit of Company in accordance with the Uniform Commercial Code ("UCC") and all similar statutes. Indemnitors hereby irrevocably authorize Company, without notice to any Indemnitor, in order to perfect the security interest granted herein, to file either: (a) this Agreement or a copy or other reproduction of this Agreement; or (b) any initial financing statements or amendments thereto that indicate the Collateral as all assets of Indemnitors or words of similar effect, as being of an equal or lesser scope or with greater detail and that contain any other information relating to any Indemnitor required by Part 5 of Article 9 of the UCC for the jurisdiction where such financing statement or amendment is filed. Company may add schedules or other documents to this Agreement as necessary to perfect its rights. The failure to file or record this Agreement or any financing statement shall not release or excuse any of the obligations of Indemnitors under this Agreement.

13. **Termination:** This is a continuing Agreement, which remains in full force and effect until terminated. The sole method available to Indemnitors to terminate their participation in this Agreement is by giving written notice to Company of Indemnitors' intent to terminate. Such notice shall be sent to St. Paul Travelers Bond, Attention: Construction Services – Bond, One Tower Square, 5PB, Hartford, Connecticut 06183. The termination shall take effect thirty (30) days after Company receives such notice ("Termination Date"). The notice shall not relieve Indemnitor from its obligations for any Bond executed prior to the Termination Date or with respect to any Bond executed after the Termination Date: (a) upon the award of a Contract to any Indemnitor on a bid or proposal in respect of which Company has executed or procured a bid Bond prior to the Termination Date; or (b) which Company has become committed to execute or procure prior to the Termination Date; or (c) in connection with any maintenance, guarantee, claim, lien, litigation, or other matter involving or relating to any Bond executed prior to the Termination Date or thereafter executed or procured as provided in sub-paragraphs (a) or (b) above.

14. **Jurisdiction**: In any legal proceeding brought by or against Company that in any way relates to this Agreement, each Indemnitor, for itself and its property, irrevocably and unconditionally submits to the exclusive jurisdiction, at the sole and exclusive option of Company, of the courts in any state in which any Indemnitor resides, has property, or in which any Contract is performed. Indemnitors hereby irrevocably and unconditionally submit to the jurisdiction of said courts and waive and agree not to assert any claim that they are not subject to the jurisdiction of any such court, that such proceeding is brought in an inconvenient forum or that the venue of such proceeding is improper.

15. **Other Sureties**: If Company procures the execution of Bonds by other sureties, executes Bonds with co-sureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, co-surety or reinsurer, but only as to such Bonds.

16. **Nature of Rights**: If any provision or portion of this Agreement is or becomes unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted. This Agreement is in addition to and not in lieu of any other agreement of indemnity, whether now existing or entered into hereafter. Company shall be entitled to specific performance of the terms of this Agreement in addition to any other remedy at law or equity. Time is of the essence in this Agreement. Whenever the context may require, any pronoun used in this Agreement shall include the corresponding masculine, feminine and neuter forms. The rights and remedies afforded to Company by the terms of this Agreement can only be modified by a written rider to this Agreement signed by an authorized representative of Company. If any Indemnitor fails to execute or improperly executes this Agreement or is otherwise found not to be bound under this Agreement, such failure or finding shall not affect the obligations of the other Indemnitors. The failure to sign or the improper execution of a Bond shall not affect Company's rights under this Agreement, and Indemnitors waive any claim they may have, now or at any time in the future, arising out of the failure to sign or properly execute a Bond. Termination and/or limitation of any Indemnitors' obligations under this Agreement shall in no way affect the obligations of any of the other Indemnitors whose obligations have not been terminated and/or limited. Indemnitors acknowledge this Agreement can be amended via rider to add another person, entity or entities as Indemnitor(s) to this Agreement and Indemnitors waive any and all notice in connection with the addition of additional Indemnitors and further acknowledge the rights and obligations provided herein shall apply to all Indemnitors whenever made a party to the Agreement.

17. **Jury Waiver**: Indemnitors hereby waive and covenant that they will not assert any right to trial by jury in respect to any legal proceeding arising out of this Agreement.

18. **Resolution**: Indemnitors have a substantial, material and beneficial interest: (a) in the obtaining of Bonds by any of the Indemnitors; and (b) in the transaction(s) for which any Indemnitor has applied or will apply to Company for Bonds pursuant to this Agreement. Indemnitors have the full power and authority to execute, deliver and perform this Agreement and to carry out the obligations stated herein. Indemnitors further acknowledge and agree that: (x) the execution, delivery and performance of this Agreement by such Indemnitors; (y) the compliance with the terms and provisions hereof; and (z) the carrying out of the obligations contemplated herein, do not, and will not, conflict with and will not result in a breach or violation of any terms, conditions or provisions of the charter documents or bylaws of such Indemnitors, or any law, governmental rule or regulation, or any applicable order, writ, injunction, judgment or decree of any court or governmental authority against Indemnitors, or any other agreement binding upon Indemnitors, or constitute a default thereunder.

19. **Date of Agreement**: The date of this Agreement shall be the earliest date any Indemnitor executes this Agreement.

---

| WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY. THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH. IN TESTIMONY HEREOF, WE THE INDEMNITORS HAVE SET OUR HANDS AND FIXED OUR SEALS AS SET FORTH BELOW. |
|---|

IMPORTANT:
1. PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
2. ALL PERSONAL INDEMNITORS MUST PROVIDE A RESIDENTIAL ADDRESS AND SOCIAL SECURITY NUMBER AND EACH SIGNATURE MUST BE NOTARIZED.
3. ALL ENTITY INDEMNITORS MUST PROVIDE AN ADDRESS AND FEDERAL TAX IDENTIFICATION NUMBER, IF APPLICABLE, AND EACH SIGNATURE MUST BE NOTARIZED.

| If Indemnitor an Individual, sign below: |
|---|

*Maryory* (signature)     4/8/10     17181 Castello Cir., San Diego, CA 92127

Indemnitor – Individual      (signature)          Month/Day/Year      Address

Maryory S. Contreras                                               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
Indemnitor – Individual      (print or type)                       SS#

| If Indemnitor a Corporation, Limited Liability Company, Partnership, or Trust, sign below: |
|---|

Instructions: All signatures must be notarized. If the entity is: 1) a corporation, the secretary and an authorized officer should sign on behalf of the corporation; 2) a limited liability company, the manager(s) or member(s) should sign on behalf of the LLC; 3) a partnership, the partner(s) should sign on behalf of the partnership; or 4) a trust, all trustees should sign. Two signatures are required for all entities except where otherwise instructed by Company.

Each of the undersigned hereby affirms to Company as follows: I am a duly authorized official of the business entity Indemnitor on whose behalf I am executing this Agreement. In such capacity I am familiar with all of the documents which set forth and establish the rights which govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, and/or partnership, operating or limited liability agreements of such business entity. Having reviewed all such applicable documents and instruments and such other facts as deemed appropriate, I hereby affirm that such entity has the power and authority to enter into this Agreement and that the individuals executing this Agreement on behalf of such entity are duly authorized to do so.

MarCon Engineering, Inc.

Indemnitor – (Corporation) Limited Liability Company, Partnership, or Trust (circle one)

By _MARORNET_ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, President
(Print or Type Name and Title)
876 N. Broadway, Escondido, CA 92025
(Address)

33-0931200
(Federal Tax ID)

4/8/10
Month/Day/Year

By _MARORNET_ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, Secretary
(Print or Type Name and Title)

California
(State of Incorporation / Formation)

---

MarCon Land Management, LLC

Indemnitor – Corporation, (Limited Liability Company) Partnership, or Trust (circle one)

By _MARORNET_ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, Managing Member
(Print or Type Name and Title)
876 N. Broadway, Escondido, CA 92025
(Address)

26-4388665
(Federal Tax ID)

4/8/10
Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

(Print or Type Name and Title)

California
(State of Incorporation / Formation)

---

Maryory S. Contreras Trust Agreement

Indemnitor – Corporation, Limited Liability Company, Partnership, or Trust (circle one)

By _MARORNET_ (Seal)
(Signature of Authorized Official)

Maryory S. Contreras, Trustee
(Print or Type Name and Title)
17181 Castello Cir., San Diego, CA 92127
(Address)

4/8/10
Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

(Print or Type Name and Title)

California
(State of Incorporation / Formation)

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of *San Diego* }

On *8 April 2010* before me, *Sylvia Nichols Aldrich*
_Date_          _Here Insert Name and Title of the Officer_

personally appeared   *Maryory Stella Contreras*
                              _Name(s) of Signer(s)_

SYLVIA NICHOLS ALDRICH
COMM. #1805331
Notary Public - California
San Diego County
Comm. Expires Jul 1, 2012

_Place Notary Seal Above_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Signa_
                    _Signature of Notary Public_

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: *Travelers - General Agreement of Indemnity (GAI)*

Document Date: *4 | 8 | 10*            Number of Pages: *4*

Signer(s) Other Than Named Above: *NONE*

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: *Maryory Contreras*
- [x] Individual
- [ ] Corporate Officer — Title(s):
- [ ] Partner — [ ] Limited [ ] General
- [ ] Attorney in Fact
- [ ] Trustee
- [ ] Guardian or Conservator
- [ ] Other:

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: *herself*

Signer's Name:
- [ ] Individual
- [ ] Corporate Officer — Title(s):
- [ ] Partner — [ ] Limited [ ] General
- [ ] Attorney in Fact
- [ ] Trustee
- [ ] Guardian or Conservator
- [ ] Other:

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _SAN DIEGO_ }

On _8 APRIL 2010_ before me, _Sylvia Nichols Aldrich_
  Date                                Here Insert Name and Title of the Officer

personally appeared _Maryory Stella Contreras_
                                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sig Nee_
              Signature of Notary Public

**SYLVIA NICHOLS ALDRICH**
COMM. #1805331
Notary Public • California
San Diego County
Comm. Expires Jul 1, 2012

Place Notary Seal Above

——————————————— OPTIONAL ———————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Travelers- General Agreement of Indemnity (GAI)_

Document Date: _4/8/10_                    Number of Pages: _4_

Signer(s) Other Than Named Above: _none_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Maryory Contreras_
☐ Individual
☒ Corporate Officer — Title(s): _President/Sec_
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
_Warcon Engineering Inc._

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_ }

On _8 April 2010_ before me, _Sylvia Nichols Aldrich_
Date                                    Here Insert Name and Title of the Officer

personally appeared _Maryory Stella Contreras_
Name(s) of Signer(s)

SYLVIA NICHOLS ALDRICH
COMM. #1805331
Notary Public - California
San Diego County
Comm. Expires Jul 1, 2012

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____
                                              Signature of Notary Public

Place Notary Seal Above

----------------------- OPTIONAL -----------------------
Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.

Description of Attached Document

Title or Type of Document: _Travelers - General Agreement of Indemnity (GAI)_

Document Date: _4/8/10_                              Number of Pages: _4_

Signer(s) Other Than Named Above: _none_

Capacity(ies) Claimed by Signer(s)

Signer's Name: _Maryory Contreras_
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: _LLC_

Signer Is Representing: _____
_Marcon Land_
_Management LLC_

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_ }

On _8 April 2010_ before me, _Sylvia Nichols Aldrich_
    Date                              Here Insert Name and Title of the Officer

personally appeared _Maryory Stella Contreras_
                                      Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _Sylvia_
                    Signature of Notary Public

**SYLVIA NICHOLS ALDRICH**
**COMM. #1805331**
Notary Public · California
San Diego County
Comm. Expires Jul 1, 2012

Place Notary Seal Above

---

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Travelers - General Agreement of Indemnity (GAI)_

Document Date: _4/8/10_                          Number of Pages: _4_

Signer(s) Other Than Named Above: _none_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Maryory Contreras_
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☑ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing:
_Maryory S. Contreras_
_Trust Agreement_

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing:
_____

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

## DEFENDANTS
MARCON ENGINEERING, INC.; MARYORY S. CONTRERAS, as trustee of the MARYORY S. CONTRERAS TRUST AGREEMENT; MARYORY S. CONTRERAS, an individual; MARCON LAND MANAGEMENT, LLC

**(b)** County of Residence of First Listed Plaintiff  Hartford
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert C. Niesley, Esq. (Bar No.: 131373)
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
2040 Main Street, Suite 300
Irvine, California 92614
Tel: (949) 852-6700 / Fax: (949) 261-0771

Attorneys (If Known)

**'14CV0417 CAB DHB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 2 1 USC 88 1 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Complaint for Statutory Indemnity; Breach of Contract; Quia Timet; Declaratory Relief; and Specific Performance

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 550,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Michael M. Anello
DOCKET NUMBER  11-CV52-MMA-POR

DATE
February 24, 2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FDJS44

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When tlie petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to thedistrict court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.                    Example:        U.S. Civil Statute: 47 USC 553
                                        Brief Description: Unauthorized reception of cable service
VII.   **Requested in Complaint.** Class Action. Place an  "X"  in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands ofdollars) being demanded or indicate other demand sucli as a preliminary injunclion.


Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.